# Colgan *v.* O'Rourke, Appellant.

*Contract—Building contract—Rescission—Subcontractor.*

A contractor for a building operation excavated the cellars of the houses, and had the cellar walls built by another person. He then entered into a contract with a subcontractor for the superstructures. When the buildings were nearly up, one of the walls fell, and the contractor addressed a

joint letter to the builder of the cellar walls and to the subcontractor for the superstructures, in which he notified them that he would hold liable whichever one of them was chargeable for the fall of the wall, and further stated that he would employ new contractors to do the necessary work. The contractor subsequently completed the operation himself. In an action by the subcontractor against the contractor, the court left it to the jury to determine whether the fall of the building resulted solely from the defective and improper cellar walls, or whether it was due to the failure of the plaintiff to do his work properly. *Held,* that a verdict and judgment for plaintiff should be sustained.

Argued March 23, 1906. Appeal, No. 50, Jan. T., 1906, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1898, No 124, on verdict for plaintiff in case of Frank J. Colgan v. Michael O'Rourke. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ. Affirmed.

Assumpsit for work and labor. Before WILLSON, J.
The facts are stated in the opinion of the Supreme Court.

The court charged in part as follows :
[I think, gentlemen, unless you find in the evidence something which would justify you in believing that from such a survey, such an inspection of the walls, as a man would likely or ought to give to them, a man, I mean, who proposed to enter into a contract for the erection of a superstructure upon them, something which would indicate that the foundation walls were defective and not strong enough for the superstructure, you ought to assume that it was the understanding of the parties that the plaintiff, Colgan, should go on and ·erect the superstructure upon these foundations as they stood.] [2]

[The specifications which have been offered in evidence, and upon which basis the contract was made, say, " The cellars have been excavated beneath the houses to give a cellar depth of nine feet clear of the cement floor, and the cellar walls are in place ready for the brick and stone masonry above the ground surface." Now, according to the usual custom, which was probably followed in this case, these specifications were furnished by Mr. O'Rourke, the owner of the property, or at his instance, and they set forth as a basis for the contract, as something upon which the contract was founded, that the cellar walls were ready for the erection of the superstructure. I

have referred to this at some length because it is a question which is in dispute in the case, and about which counsel do not entirely agree with reference to the rights of their respective parties. I have said to you substantially, and I repeat that, unless you find that there was something in the appearance of the walls, after such an examination as a proposed contractor would give, and ought to give, to them if he proposed to make a bid for a contract, to indicate to him that there was some weakness of the walls, he had a right to assume that the foundation walls were suitable for the erection of the superstructure, and had a right to go upon that theory.] [3]

[Unless you believe that he could have seen, or by such an examination as I have indicated before, previous to the time he undertook to do the work and began the work, have discovered the alleged defect—in which case it would have been his duty to do the work over again after the collapse—I say, unless you believe that he could have seen that the foundation walls were not suitable, then if those walls gave way because of a defect in them, because of an improper construction of those foundation walls, the fault was not the plaintiff's, and the plaintiff would be entitled to recover the amount which he had earned under the contract, and making allowance for what it cost to complete the contract, to the entire contract price.] [4]

[If the plaintiff did his work properly upon the basis of the contract which he had made, having no reason to suppose that there was anything in the foundation walls which made them an improper basis for the building which he undertook to erect, and by reason of no fault of his, but in consequence of a defective construction of the foundation walls themselves, of which he had no knowledge, could not have had by proper observation, then he is entitled to a verdict which will compensate him for the amount of work he did under the contract.] [5]

[I should say in that connection that I regard it to have been his duty to go on and complete the work, making such claim as would be proper for any extra work arising out of the collapse of the building, even if he was not responsible for it, after the work was done, were it not for the fact that a few days after the building fell he was notified by Mr. O'Rourke,

the owner, that he would take the reconstruction of the building entirely into his own hands.   I regard that practically as a recission of the contract between the plaintiff and defendant, unless they subsequently took up the matter and waived all such rescission and resumed negotiations.   The evidence upon that point, however, is not satisfactory, and is not clear.   I regard the case as one which should be determined with reference to the letter written a few days after the collapse, which I regard as practically a rescission of the contract, leaving the parties to stand upon their rights as they were at that time.]
[6]
Verdict and judgment for plaintiff for $5,000.   Defendant appealed.

*Errors assigned* were (3–6) above instructions quoting them.

*Edwin Jaquett Sellers* and *M. J. O' Callaghan,* for appellant.

*John P. Connelly,* for appellee.

OPINION BY MR. JUSTICE BROWN, May 14, 1906 :
On September 8, 1894, the appellee entered into a written contract with the appellant to furnish the stone, do the stonework and lay the bricks required in the erection of three dwelling houses.   At the date of the execution of the contract the cellars had been dug by the appellant and the cellar walls had been built for him by a contractor named Schmitt.   The contract with the appellee embraced only the superstructures.   In the specifications upon which he made his contract there was the following clause:   " Cellars have been excavated beneath the houses to give a cellar depth of nine (9) feet clear of the cement floor, and cellar walls are in place ready for brick and stone masonry above the ground surface."   The appellee began the erection of the superstructures on September 19, 1894, and had nearly completed them when, on November 12, 1894, the south wall of one of the buildings, which had been constructed up to within four feet of the roof, suddenly collapsed.   The appellant, unable at that time to determine whether the fall of the wall was due to the carelessness of the appel-

lee in the erection of the superstructure, or of Schmitt, who built the cellar wall, wrote them the following joint letter:

"PHILADELPHIA, Nov. 19th, 1894.

" ALBERT SMITH,

" FRANCIS J. COLGAN,

" Gentlemen :—

"I feel called upon to notify each of you that on account of the fall of the side wall of house, which would be 2838 Frankford Ave., I propose, if necessary, to do the work to the foundation wall which should have been done originally, if done in a workmanlike manner, and to rebuild the brick and stone wall under the same conditions. I cannot at this time determine whether the fall of the wall is due to a joint neglect, or whether it is properly chargeable to one of you ; an examination is required. I have determined, however, to avoid complications, to employ new contractors to do the necessary work and shall consider that both or one of you are liable to reimburse me.

" Very respectfully,

" MICHAEL O'ROURKE."

The learned trial judge instructed the jury that this letter was practically a rescission by the appellant of the contract between him and the appellee. In this he was correct, and the first assignment of error is dismissed. The appellant completed the dwellings himself and subsequently the plaintiff brought this action for the damages sustained by defendant's alleged breach of contract. As the basis of his claim he avers that the fall of the wall was due to the improper construction of the cellar walls, and not to any cause for which he was responsible.

One of the contentions of the appellant is that, as there was no evidence that he had knowledge of the incompetency of Schmitt, the contractor who built the cellar for him, the appellee cannot recover. Neither Schmitt nor his contract with O'Rourke is in the case. O'Rourke undertook himself to dig the cellar and have the walls built, and only after he had done so and stated in the specifications that the walls were in place, ready for the brick and stone masonry above the ground sur-

face, did the appellee make his contract.　The appellant must be understood as having said to the appellee : " You have nothing to do with the cellar walls ; I have had them prepared and they are ready for the work that you are to do above them." This was the correct view entertained by the trial judge in his instructions to the jury.　At the same time their attention was called to the fact that there was nothing in the testimony to show there was anything to indicate that the walls were not proper foundation walls ; and they were further instructed that, unless they found in the evidence that which would justify them in believing that from such an inspection of the walls as a proposed contractor would give, or ought to give them, there was something which indicated that they were defective and not strong enough for the superstructures, it ought to be assumed that it was the understanding of the plaintiff and defendant that the former should go on and erect the superstructures upon the foundations as they stood.　In view of what appeared in the specifications, this was as far as the court ought to have gone in protecting the defendant.

Nothing could have been made plainer to the jury than that the plaintiff could recover only if the fall of the building resulted solely from the defective and improper foundation, and, on the other hand, they were told that if the fall was due to the failure of the plaintiff to do his work properly, there ought to be a certificate in favor of the defendant.　In the two points submitted by the plaintiff and in defendant's tenth the only position that each of the parties could take under the evidence was clearly stated, and the answers to them were correct.　The case involved nothing but a question of fact, which was submitted to the jury under instructions that were not only proper, but most careful in protecting every right of the defendant.

The assignments of error are all overruled and the judgment is affirmed.